The STATE of Ohio, Appellee,

v.

HINKSTON, Appellant.

[Cite as *State v. Hinkston*, 182 Ohio App.3d 232, 2009-Ohio-2631.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 08CA3248.

Decided May 26, 2009.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Julie Cooke Hutchinson, Assistant Prosecuting Attorney, for appellee.

Robert A. Cassity, for appellant.

---

Per Curiam.

{¶ 1} Appellant appeals his conviction and sentence entered by the trial court for two counts of harassment with a bodily substance, felonies of the fifth degree, in violation of R.C. 2921.38(A) and (C). On appeal, appellant contends that (1) the trial court erred because it entered judgment against him when the evidence was insufficient to sustain a conviction, (2) the trial court erred when it denied his request for a competency evaluation, and (3) he is entitled to a new trial due to ineffective assistance of counsel. Because we conclude that the trial court erred in failing to hold a hearing to determine appellant's competency before proceeding to trial, we sustain appellant's second assignment of error. In light of our disposition of appellant's second assignment of error, appellant's first and third assignments of error have been rendered moot. Accordingly, we reverse appellant's conviction and remand this matter to the trial court for a new trial, once a competency determination has been made.

## FACTS

{¶ 2} On February 15, 2008, appellant was indicted on two counts of harassment with a bodily substance, in violation of R.C. 2921.38(A) and (C), felonies of the fifth degree. It was alleged that appellant, while being confined at a detention facility in Scioto County, Ohio, on the 12th day of August 2007, threw a bodily substance, subsequently determined to be saliva, at corrections officers

Justin Hughes and Christopher Oliver. Appellant pleaded not guilty to the charges, and the matter proceeded to trial before a jury on August 4, 2008.

{¶ 3} At the final pretrial conference held on the Friday before the scheduled Monday trial, appellant filed a series of pro se motions, though he was represented by appointed counsel. One of the motions requested that he be permitted to proceed pro se, with standby counsel. The trial court granted appellant's motion, after inquiring further into the basis for his request and having him execute a written waiver of counsel.

{¶ 4} Subsequently, on the morning of trial, approximately 30 minutes prior to the scheduled start of trial, appellant indicated to the court that he was confused about the proceedings and that he desired for counsel to represent him. The court reappointed the same counsel that had represented appellant up until the pretrial conference held just three days before. At the time counsel was reappointed, appellant began to make statements indicating that he desired to withdraw his former plea of not guilty and instead wished to plead not guilty by reason of insanity. Appellant further stated as follows:

I take (inaudible) medications. All right? I'm on a mental health case. I would like to enter—I would like to withdraw my plea. I want a plea not guilty, not guilty by reason of insanity. I need—I don't know what's going on here. I take (inaudible) treatment medication, man. If things don't register in my mind as quick as they do normal individuals due to the—

{¶ 5} In response to these statements, the trial court stated as follows:

Mr. Hinkston, you've been provided discovery; you've been afforded every single thing that any criminal defendant needs to be provided. This is the day of your trial. I have 40 something people in the hall all summoned here at the County's expense to give you a fair trial, and that's what we're going to do here today.

The trial court then overruled appellant's motion to withdraw his plea.

{¶ 6} However, prior to the commencement of trial, counsel for appellant made a request, on the record, that in light of appellant's claims that he was insane, the trial be continued in order for a competency determination, which, counsel stated, would toll the time for trial. In response to counsel's request for a competency determination, the court stated as follows:

The problem I have, Mr. Edwards, is I have 45 to 50 jurors summoned today. And if he wanted to raise an issue like this, it should have been done long before I summoned all the jurors. This county is suffering an economic hardship at this time. The people are getting paid whether they serve or not. And if he wanted to start raising these motions, he should have raised them a long time ago.

{¶ 7} The trial court then denied the motion to continue, and the trial was started. A hearing on the issue was not held. At the conclusion of trial, the jury found appellant guilty, and the trial court sentenced appellant to 12 months on each count, to be served consecutively, and also to be served consecutively to the sentence that appellant was already serving on a prior conviction. Appellant timely appeals his convictions, raising three assignments of error for our review.

## ASSIGNMENTS OF ERROR

I. The trial court erred because it entered judgment against the appellant when the evidence was insufficient to sustain a conviction.

II. The trial court erred when it denied appellant's request for a competency evaluation.

III. The appellant is entitled to a new trial due to ineffective assistance of counsel.

## LEGAL ANALYSIS

{¶ 8} We will first address appellant's second assignment of error, out of order. In his second assignment of error, appellant contends that the trial court erred when it overruled his request for a competency evaluation. In support of his assigned error, appellant argues that the trial court's failure to conduct a hearing to determine his competency, based upon efficiency and monetary issues related to the county budget, as well as the fact that jurors had already been summoned and would have to be paid, violated his constitutional rights to due process. The state disagrees, arguing that appellant was presumed competent to stand trial unless it was proven by a preponderance of the evidence that he was incapable of understanding the nature and objective of the proceedings or of assisting in his defense, relying on R.C. 2945.37(G). The state further argues that there is "absolutely no evidence that the Defendant/Appellant was incompetent to stand trial. Defendant/Appellant did not bring up any issues of medication or mental instability until the morning of trial, as evidenced by the final pre-trial transcript and the jury trial transcript."

{¶ 9} As set forth by the state, a defendant is presumed competent to stand trial unless it is proven, by a preponderance of the evidence, that the defendant is incapable of understanding the nature and objective of the proceedings or of assisting in his defense. R.C. 2945.37(G). "It has long been recognized that a 'person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial.'" *State v. Smith* (2000), 89 Ohio St.3d 323, 329, 731 N.E.2d 645, quoting *Drope v. Missouri* (1975), 420 U.S. 162, 171, 95

S.Ct. 896, 43 L.Ed.2d 103. "Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried." *State v. Thomas*, 97 Ohio St.3d 309, 315, 2002-Ohio-6624, 779 N.E.2d 1017, citing *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433.

{¶ 10} Further, under R.C. 2945.37(B), the trial court, the prosecutor, or the defendant may raise the issue of the defendant's competency. R.C. 2945.37(B) *requires* a competency hearing if requested before trial. *State v. Were* (2002), 94 Ohio St.3d 173, 761 N.E.2d 591, paragraph one of the syllabus. In particular, section (B) of that statute provides that "[i]f the issue is raised *before* the trial has commenced, the court *shall* hold a hearing on the issue as provided in this section." (Emphasis added.) However, "if the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion."

{¶ 11} Here, the issue of appellant's competency was clearly raised prior to the commencement of trial. In *State v. Bomar* (Oct. 23, 2000), Scioto App. No. 00CA2703, 2000 WL 1617934, we indicated: "Trials are generally deemed to have commenced when a jury is empaneled and sworn." In fact, the following statement by the court appears in the record just before appellant's counsel's request for a competency determination:

THE COURT: The record will reflect we're here on 08CR147, captioned State of Ohio versus Mark Hinkston. The matter is set for a jury trial this day. It's approximately 30 minutes before 9:00. The jury trial is to begin at 9:00 a.m. We're outside the presence of the jury.

Therefore, in accordance with R.C. 2945.37(B), the trial court was required to hold a hearing in order to determine appellant's competency to stand trial. Contrary to the statements by the court indicating that the issue should have been raised a long time ago, R.C. 2945.37(B) permits the issue to be raised even after trial has begun. Thus, the trial court erred in denying appellant's request for a competency determination and requiring him to stand trial.

{¶ 12} Accordingly, appellant's second assignment of error is sustained, and his convictions must be reversed. Further, we remand the case to the trial court for a new trial, once a determination regarding appellant's competency has been made. Because our disposition of appellant's second assignment of error has rendered appellant's first and third assignments of error moot, we decline to address them.

Judgment reversed
and cause remanded.

KLINE, P.J., and ABELE and McFARLAND, JJ., concur.